# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LEELIN J. MILLER, | ) | CASE NO. 1:16CV1377 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | GEORGE J. LIMBERT |
| | ) | |
| TOM SCHWEITZER, Warden, | ) | |
| LEBANON CORRECTIONAL | ) | |
| INSTITUTION, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge George J. Limbert. The Report and Recommendation (ECF #22), submitted on August 8, 2017, is hereby ADOPTED by this Court. As such, Petitioner's 28 U.S.C. § 2254 habeas corpus petition (ECF #1) is DISMISSED. Petitioner's request for an expansion of the record (ECF #15) and Stay in Abeyance (ECF #20) are DENIED AS MOOT.

## Procedural and Factual Background

In March 2013, the Cuyahoga County Ohio Grand Jury indicted Petitioner on one count of aggravated murder in violation of Ohio Revised Code "("ORC") § 2903.01(A) with firearm specifications; one count of aggravated murder in violation of ORC § 2903.01(B) with firearm specifications; one count of aggravated robbery in violation of ORC § 2911.01(A)(3) with firearm, PC, and RVO specifications; one count of kidnapping in violation of ORC § 281(A)(2) with firearm, PC and RVO specifications; one count of murder in violation of ORC § 2903.02(B), with firearm specifications; one count of felonious assault in violation of ORC § 2903.11(A)(1) with firearm, PC and RVO specifications, one count of having weapons under disability in violation of

ORC § 2923.13(A)(2) with firearm specifications; one count of grand theft in violation of ORC § 2913.02(A)(1) with firearm specifications; and one count of theft in violation of ORC § 2913.02(A)(1) with firearm specifications. (ECF #13-1, p. 4-13). On July 23, 2013, the trial court issued a journal entry indicating that the jury found Petitioner guilty of aggravated murder with firearm specifications, aggravated robbery with firearm specifications, kidnapping with firearm specifications, murder with firearm specifications, felonious assault with firearm specifications, and grand theft with firearm specifications. (ECF #13-1, p. 24).

Petitioner appealed his conviction on September 27, 2013 to the Ohio Eighth District Court of Appeals. (ECF #13-1, p. 27). On September 11, 2014, the Ohio appellate court affirmed the conviction, but remanded the case to the trial court to issue a new sentencing order. (ECF #13-1, p.109-150). The trial court issued a *nunc pro* entry on October 1, 2014. (ECF #13-1, p. 151-152). Petitioner then filed a motion to reopen his appeal in the Ohio Eighth District Court of Appeals. (ECF #13-1, p. 153-164). The court denied the motion as untimely. (ECF #13-1, p. 174-179). Petitioner appealed that decision to the Ohio Supreme Court, who declined to accept jurisdiction. (ECF #13-1, p. 202). Petitioner filed a motion for delayed appeal in the Ohio Supreme Court on August 26, 2015 (ECF #13-1, p. 206), but the Court denied Petitioner's motion and dismissed the case. (ECF #13-1, p. 253). Petitioner then filed a delayed motion for reconsideration in the Ohio Eighth District Court of Appeals (ECF #13-1, p. 254-340), which the court denied. (ECF #13-1, p. 345).

Petitioner then filed his petition on June 7, 2016. (ECF #1). Petitioner raised eleven grounds of relief. (ECF #1, p. 5-20). On January 9, 2017, Petitioner filed a motion to expand the record. (ECF #15). Further, Petitioner filed a Stay in Abeyance on June 5, 2017. (ECF #20).

2

Pursuant to 28 U.S.C. § 636 and Local Rule 72.2, this matter was referred to Magistrate Judge Limbert for the preparation of a report and recommendation. Magistrate Judge Limbert issued his Report and Recommendation on August 8, 2017, recommending that the entire petition be dismissed because of Petitioner's procedural default on all his grounds for relief. (ECF #22, p. 20-25). Accordingly, Magistrate Judge Limbert recommended Petitioner's motion to expand the record and stay in abeyance be denied as moot. (ECF #22, p. 24-25). Objections to the Report and Recommendation were to be filed within 14 days of service. No objection was timely filed by Petitioner, although Petitioner did file additional briefing on the motion for stay in abeyance. (ECF #24).

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b)(3) provides this standard of review. It states, in pertinent part, the following:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b)(3) addresses only the review of portions of reports to which timely objections have been made; it does not indicate the appropriate standard of review for portions of the report to which no objections have properly been made. The Advisory Committee on Civil Rules commented on the standard of review stating "when no timely objection is filed, the court need only

satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citations omitted). "It does not appear that Congress intended to require district court review of magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to these findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## Conclusion

The Court has carefully reviewed the Report and Recommendation and agrees with the findings set forth therein. Magistrate Judge Limbert correctly applied the *Maupin* test to the case at hand and found that Petitioner procedurally defaulted on all his grounds for relief. (ECF #22, p.17–19). The Report and Recommendation of Magistrate Judge Limbert (ECF #22) is ADOPTED. Petitioner's 28 U.S.C. § 2254 habeas corpus petition (ECF #1) is DISMISSED. Further, because Petitioner's habeas corpus petition is dismissed, his current motions pending with the court related to the petition are moot. Accordingly, Petitioner's Motion for a Stay in Abeyance (ECF #20) and Petitioner's Motion Requesting Expansion of the Record (ECF #15) are DENIED AS MOOT.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims based on procedural grounds, the petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. For the reasons thoroughly discussed in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that this Court's assessment of Petitioner's claim is debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

                                               */s/Donald C. Nugent*
                                               DONALD C. NUGENT
                                               United States District Judge

DATED:    October 13, 2017